## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ManagedStorage International, Inc., *et al.*, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | Case No. 09-10368 (MFW) |
| | ) | |
| | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| Jeoffrey L. Burtch, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 12-50071 (WAH) |
| | ) | |
| ViaWest Internet Services, Inc. n/k/a | ) | |
| ViaWest. Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.S.C. §550

Defendant ViaWest Internet Services, Inc. n/k/a ViaWest. Inc. ("Defendant"), by and through its undersigned counsel, for its answer to the *Complaint to Avoid Transfers Pursuant to 11 U.S.C. § 547 and to Recover Property Transferred Pursuant to 11 U.S.C. §550* (the "Complaint") (Adv. D.I. 1), respectfully states as follows:

### NATURE OF THE ACTION

1.      Paragraph 1 does not require a response from Defendant.  Further stated, Defendant denies that the Plaintiff is entitled to any of the relief requested.

### JURISDICTION AND VENUE

2.      Paragraph 2 states a conclusion of law to which no response is necessary.

3.      Admitted that this adversary proceeding is a core proceeding.  The remaining allegations of Paragraph 3 state conclusions of law to which no responses are necessary.  Further stated, Defendant denies that the Plaintiff is entitled to any of the relief requested.

4.      Paragraph 4 states a conclusion of law to which no response is necessary.

5.      Paragraph 5 states a conclusion of law to which no response is necessary.

6.      Paragraph 6 states a conclusion of law to which no response is necessary.

## BACKGROUND

7.      Paragraph 7 is admitted.

8.      Paragraph 8 is admitted.

9.      Defendant admits that Mr. Burtch was appointed as interim chapter 7 trustee on November 4, 2010.  Defendant lacks sufficient information to admit or deny the remaining allegations contained in paragraph 9 and therefore denies them

10.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 10 and therefore denies them.

11.     Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 11 and therefore denies them.

12.     Paragraph 12 is denied, except that Defendant admits that it agreed to provide certain services to the Debtors and did provide certain services to the Debtors within 90 days prior to the Petition Date.

13.     Paragraph 13 is admitted.

14.     Paragraph 14 is admitted.

CLAIMS FOR RELIEF

**COUNT I**
**(Avoidance of preference Transfers - 11 U.S.C. § 547)**

15.    Defendant incorporates all responses to the allegations set forth above as if set forth verbatim herein.

16.    Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 16 and therefore denies them.

17.    Paragraph 17 does not require a response from Defendant.  Further stated, Defendant denies that the Plaintiff is entitled to any of the relief requested.

18.    Paragraph 18 does not require a response from Defendant.  Further stated, Defendant denies that the Plaintiff is entitled to any of the relief requested.

19.    Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 19 and therefore denies them.  Further stated, to the extent the Complaint contemplates the avoidance of any alleged transfers not specifically identified in the Complaint, the Complaint should be dismissed because it fails to satisfy the pleading requirements of Fed.R.Civ.P. 8 and Fed.R.Bankr.P. 7008.

20.    Paragraph 20 is denied, except that Defendant admits that Defendant performed certain services for the Debtors and was entitled to payment for those services.

21.    Paragraph 21 is denied, except that Defendant admits that Defendant received certain payments from the Debtors as consideration for services provided to the Debtors..

22.    Paragraph 22 is denied, except that Defendant admits that Defendant performed certain services for the Debtors and was entitled to payment for those services.

23.    Defendant lacks sufficient information to admit or deny the allegations contained in paragraph 23 and therefore denies them.

24.     Paragraph 24 is denied.

25.     Paragraph 25 is denied.

## COUNT II
### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

26.     Defendant incorporates all responses to the allegations set forth above as if set forth verbatim herein.

27.     Paragraph 27 is denied, except that Defendant admits that Defendant received certain payments from the Debtors as consideration for services provided to the Debtors.

28.     Paragraph 28 is denied.

## COUNT III
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

29.     Defendant incorporates all responses to the allegations set forth above as if set forth verbatim herein.

30.     Paragraph 30 is denied.

31.     Paragraph 31 is denied.

32.     Defendant admits that it has not made any payment to the Trustee on account of any of the transfers but denies that it has any obligation to do so.

33.     Paragraph 33 is denied.

34.     Paragraph 34 is denied.

## GENERAL DENIAL

Defendant denies each and every averment contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted and, pursuant to Rule 12(b)(6) made applicable to adversary proceedings by Federal Bankruptcy Rule of Procedure 7012, should be dismissed.

2.      The Complaint is barred by the applicable statute of limitations.

3.      All payments made before the  filing of the petition were intended by the Defendant and the Debtors to be contemporaneous exchanges for new value and were in fact substantially contemporaneous exchanges as set forth in 11 U.S.C. § 547(c)(1) and therefore are not avoidable as preferences.

4.      All payments to Defendant were made (i) on account of debts incurred by the Debtors in the ordinary course of their businesses, (ii) in the ordinary course of business between the Debtors and Defendant, and (iii) according to ordinary business terms.  The Plaintiff is therefore prohibited from avoiding any of the payments pursuant to 11 U.S.C. § 547(c)(2).

5.      Defendant rendered pre-petition services for the benefit of the Debtors after payments were received, which constitute subsequent new value pursuant to 11 U.S.C. §547(c)(4).

6.      The Complaint is barred because Defendant received the alleged transfers in good faith

7.      The claims described in the Complaint are barred by the doctrines of laches, estoppel, res judicata, and/or waiver.

8.      Defendant presently lacks sufficient knowledge or information to form a belief as to whether it may have additional affirmative defenses and expressly reserves any and all rights to assert additional affirmative defenses in the event it discovers facts supporting such defenses.

## CONCLUSION

WHEREFORE, Defendant, having fully answered the Complaint respectfully requests that this Court dismiss Plaintiff's Complaint, award Defendant attorneys' fees and costs, and grant Defendant such other and further relief as this Court may deem just and proper.

Dated: April 4, 2012
       Wilmington, Delaware

**SULLIVAN HAZELTINE ALLISON LLC**

William A. Hazeltine (Del. No. 3294)
901 N. Market Street, Suite 1300
Wilmington, DE 19801
Telephone: (302) 428-8191
Facsimile: (302) 428-8195
E-mail whazeltine@sha-llc.com

*Attorneys for ViaWest, Inc.*